IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

MARTIN F. McDERMOTT (SBN 6183307 (IL))
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 514-4122
martin.mcdermott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEC L., et al, <br><br> Plaintiffs, <br><br> v. <br><br> LISA P. JACKSON, in her official capacity capacity as Administrator of the United States Environmental Protection Agency, et al., <br><br> Defendants. | Case No.: 4:11-cv-02203 EMC <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 4(m) & 12(b)(5)** <br><br> Date: Nov. 21, 2011 <br> Time: 2 p.m. <br> Place: Courtroom 5, 17th floor |

Defendants, LISA P. JACKSON in her official capacity as Administrator of the U.S. Environmental Protection Agency ("EPA"), KENNETH L. SALAZAR in his official capacity as Secretary of the U.S. Department of the Interior ("DOI"), THOMAS J. VILSACK in his official capacity as Secretary of the U.S. Department of Agriculture ("USDA"), GARY F. LOCKE in his official capacity as Secretary of the U.S. Department of Commerce ("Commerce"), STEVEN CHU in his official capacity as Secretary of the U.S. Department of Energy ("DOE"), and LEON E. PANETTA in his official capacity as Secretary of the U.S. Department of Defense (DOD"), file this Reply in connection with Defendants' previously-filed Rule 12(b)(5) motion to dismiss both the original "Complaint for Declaratory and Injunctive Relief" and the "First Amended Complaint for Declaratory and Injunctive Relief" filed by Plaintiffs ALEC L. et al., for failure to comply with the

service requirements of Fed. R. Civ. P. 4(i) & 4(m).

## BACKGROUND

As set forth in Defendants' September 15, 2011 Motion to Dismiss Pursuant to Fed. R. Civ. P. 4(m) [Dkt. 15], Plaintiffs filed their original Complaint in this case on May 4, 2011 (Dkt. No. 1) – now more than 150 days ago – but failed to properly serve Defendants. Defendants also explained that although Plaintiffs filed their First Amended Complaint (Dkt. 4) on July 27, 2011, they never properly served that pleading on Defendants either.

Proper service is required. *See Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 551–52 (N.D. Cal. 2003), stating: "A party must be properly served for the Court to obtain personal jurisdiction over that party." When a defendant challenges service, "plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004).

Here, Plaintiffs' Opposition to Defendants' Motion to Dismiss was due September 29, 2011. Yet Plaintiffs failed to file an actual opposition to that motion, or a statement of non-opposition under Local Rule 7-3(b). In lieu of a formal response to the United States' motion, Plaintiffs' "response" consisted of merely a series [Dkt. 16-21] of "Proofs of Service" on the six federal agency heads named as Defendants in this litigation. Plaintiffs did not, however, file a Proof of Service showing that they had complied with the unambiguous and mandatory requirements for effective service on the United States set forth in Fed. R. Civ. P. 4(i). That rule, in relevant part, provides as follows:

Rule 4(i) <u>Serving the United States and Its Agencies, Corporations, Officers, or Employees</u>.
(1) <u>United States</u>. To serve the United States, a party must:

    (A)  (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
          (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) <u>Agency; Corporation;</u> Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

As the Rule expressly provides, in cases such as this, where an officer or employee of a federal agency is sued in his or her official capacity, sufficient service requires not only that the plaintiff "send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee" – which Plaintiffs failed to show they did here – but also "serve the United States." *See* Rule 4(i)(2). The latter responsibility – service on "the United States" – is satisfied only by complying with Rule 4(i)(1), which requires that plaintiffs deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought (or to an assistant United States Attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk) or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; and also send a copy of the summons and complaint each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Because Plaintiffs have failed to show that they have complied with the express service requirements of Rule 4(i), they have run afoul of Rule 4(m), which provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, when Defendants filed their Motion to Dismiss, 134 days had elapsed without service since Plaintiffs had filed their Complaint. Since that motion was filed, another 20 days have elapsed without legally sufficient service on the United States, and without any formal response by Plaintiffs to the United States' motion. Accordingly, the Complaint and the First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5), which provides for dismissal of a claim if service of process was not timely made in accordance with Rule 4 or was not

Case No.: 4:11-cv-02203: DEF. EX PARTE MOTION TO SET ASIDE
PENDING MOTIONS UNTIL COURT RULES ON DEF. MOTION TO DISMISS                    -3-

properly served in the appropriate manner. *See, e.g., Serban's Background Music v. Chynoweth*, No. 05-1476, 2006 WL 2527955 (E.D. Cal., August 31, 2006). In that case, the magistrate recommended (which recommendation was adopted by the court) dismissal where the litigant failed to file a proof to show service of the petition on the U.S. Attorney's Office for the Eastern District of California and the U.S. Department of Justice, and also failed to file an opposition to the government's motion to dismiss. Citing Rule 4(m) and *Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir. 1986), the magistrate judge stated: "If service of process is not accomplished within 120 days of filing an action, this Court is empowered to dismiss the action." *Id.*

Although Plaintiffs have never effected legally sufficient service on the United States and never responded to the United States' Motion to Dismiss, they moved this Court on September 28, 2011 for a preliminary injunction [Dkt. 24] and calendared that motion for hearing on November 21, 2011. This Court then issued an order [Dkt 54] rescheduling hearing on the United States' Motion to Dismiss for the same date and time as Plaintiffs' preliminary injunction hearing. Such scheduling puts the United States in the untenable position of having to respond to a preliminary injunction motion even though the United States has never been properly served and, thus, the Court lacks jurisdiction over the United States here.

Accordingly, Defendants request that the Court set aside Plaintiffs' preliminary injunction motion and any briefing schedule relating thereto, and any case management deadlines, until the Court has an opportunity to resolve Defendants' Motion to Dismiss.

In addition, the United States notes that under Fed. R. Civ. P. 12(a)(2), the United States is afforded 60 days after proper service to answer or otherwise respond to any complaint. In the event that this case is not immediately dismissed and Plaintiffs are allowed additional time to effect proper service, the United States requests that (a) the case management conference be scheduled after the United States has not only been served but has answered or otherwise responded to the Complaint and sufficient time has elapsed for the parties to conduct discussions relating to ADR and case management issues, and (b) Plaintiffs' be required to serve the Complaint on the United States prior

Case No.: 4:11-cv-02203: DEF. EX PARTE MOTION TO SET ASIDE
PENDING MOTIONS UNTIL COURT RULES ON DEF. MOTION TO DISMISS         -4-

to re-filing their preliminary injunction motion if they wish to pursue such relief.

Dated: October 7, 2011

IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

s/ *Martin F. McDermott*
MARTIN F. MCDERMOTT, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-4122
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October, 2011, a copy of the foregoing DEFENDANTS' REPLY REGARDING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 4(m) and 12(b)(5) were filed and served through the Court's CM/ECF system.

s/ Martin F. McDermott
Trial Attorney, U.S. Department of Justice