1  IGNACIA S. MORENO, Assistant Attorney General
   United States Department of Justice
2  Environment & Natural Resources Division

3  MARTIN F. McDERMOTT (SBN 6183307 (IL))
   United States Department of Justice
4  Environment & Natural Resources Division
   Environmental Defense Section
5  P.O. Box 23986
   Washington, D.C. 20026-3986
6  martin.mcdermott@usdoj.gov
   Tel: (202) 514-4122

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11  ALEC L., et al,                    )
                                       )
12          Plaintiffs,                )  Case No.: 4:11-cv-02203 EMC
                                       )
13      v.                             )  **DEFENDANTS' MOTION TO TRANSFER
                                       )  VENUE PURSUANT TO 28 U.S.C. § 1404(a)
14  LISA P. JACKSON, et al.,           )  AND MEMORANDUM OF LAW IN SUPPORT**
                                       )
15          Defendants.                )  Date: Nov. 28, 2011
                                       )  Time: 2 p.m.
16                                     )  Place: Courtroom 5, 17th floor

17          Defendants Lisa P. Jackson in her official capacity as Administrator of the U.S. Environmental

18  Protection Agency ("EPA"), Kenneth L. Salazar in his official capacity as Secretary of the U.S.

19  Department of the Interior ("DOI"), Thomas J. Vilsack in his official capacity as Secretary of the U.S.

20  Department of Agriculture ("USDA"), Gary F. Locke in his official capacity as Secretary of the U.S.

21  Department of Commerce ("Commerce"), Steven Chu in his official capacity as Secretary of the U.S.

22  Department of Energy ("DOE"), and Leon E. Panetta in his official capacity as Secretary of the U.S.

23  Department of Defense (DOD"), file this Memorandum in support of Defendants' Motion to Transfer

24  the instant case to the United States District Court for the District of Columbia pursuant to 28 U.S.C.

25  § 1404(a). That statute allows a district court to transfer a civil action to any district where the case

26  could have been filed originally for the "convenience" of the parties and potential witnesses, and "in the

27  interest of justice." Because the present case has only the most tenuous connection with the Northern

28  District of California, it should be transferred to the United States District Court for the District of

Columbia, the District where the agencies and Defendant agency heads reside and where national policy

1   is made.

2                                    **BACKGROUND**

3   **A.      The Complaint**[1]/

4           Defendants are six federal agency heads.  Plaintiffs, relying on an unprecedented common law

5   theory, allege that the federal agencies in question have violated their supposed "public trust" obligations

6   by failing to take actions that would reduce atmospheric greenhouse gas emissions by others and/or by

7   contributing (through energy consumption and other agency activities) to such emissions.[2]/  Plaintiffs

8   allege violations of trust obligations by:

9   •       EPA, because it has "failed to effectively implement and enforce the laws under its jurisdiction"

10  and thus failed to protect the atmosphere.  (Cmplt. ¶53);

11  •       DOI, for permitting "logging, livestock grazing, off-road vehicle use, the extraction of coal, coal

12  bed methane, oil, oil shale and natural gas, and oil, coal and electric infrastructure and transmission

13  facilities on public land."  (*Id.* ¶55);

14  •       USDA, for permitting "large-scale logging in national forests," and for failing to protect "the

15  atmospheric trust from greenhouse gases from farming, agricultural practices, and fossil fuel extraction

16  and use under its jurisdiction."  (*Id.* ¶57);

17  •       Commerce, for failing to protect the atmosphere and "other natural resources under its

18  jurisdiction" "in its efforts to make American industry competitive."  (*Id.* ¶59); and

19  •       DOE, for failing to "advanc[e] clean, reliable, and affordable energy to replace fossil fuel sources

20  of energy, which are wasting the trust asset."  (*Id.* ¶61).

21  •       DOD, which Plaintiffs allege is responsible for "enormous" greenhouse gas emissions from its

22  "vehicle fleet, electricity for buildings, and its weapons infrastructure," and which thus contributes to the

23  "climate warming situation" and "waste of the Public Trust in the atmosphere."  (*Id.* ¶63).

24  **B.      Plaintiffs' Delayed Service Of The Complaint**

25  _____

26  [1] References herein are to Plaintiffs "First Amended Complaint for Declaratory and Injunctive Relief"
    ("Complaint" or "Cmplt.") (Doc. 4).

27

28  [2] Plaintiffs refer to these two categories as "passive" and "active" contributions, respectively, by the
    agency Defendants to climate change. (Cmplt. ¶65).

1      Although Plaintiffs filed their initial complaint in May 2011, they did not effect legal service

2  within 120 days, as required by Fed. R. Civ. P. 4(m). After Defendants moved to dismiss the complaint

3  pursuant to Fed. R. Civ. P. 12(b)(5), Plaintiffs finally "cured" their failure to properly serve the United

4  States on or about October 11, 2011 (*see* Doc. 57 – Plaintiffs' Notice of Curing Service on Defendants).

5  By operation of law, the United States' answer to the Complaint is due 60 days after service is

6  completed (*i.e.*, December 13, 2011).[3]/ Therefore, this motion, filed more than one month before the due

7  date for Defendants' responsive pleading, is timely.

## DISCUSSION

9      A district court has discretion "to adjudicate motions for transfer according to an 'individualized,

10  case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S.

11  22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). On a motion to transfer under

12  section 1404(a), the court must find (1) that the transferee court is "one where the action might have

13  been brought," and (2) "that the convenience of [the] parties and witnesses in the interest of justice favor

14  transfer." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) (internal quotation marks and

15  citation omitted). The burden is on the moving party to demonstrate that the action should be

16  transferred. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

17      With respect to the first factor, this action could have been brought in the District of Columbia.

18  Under 28 U.S.C. § 1391(e), which governs venue in civil actions where the United States or its officers

19  or agencies is a defendant, venue lies in any judicial district where a defendant in the action resides, a

20  substantial part of the events or emissions giving rise to the claim occurred, or plaintiff resides if no real

21  property is involved in the action. As this Court stated in *Williams v. United States*, No. C-01-0024

22  EDL, 2001 WL 1352885, at *1 (N.D. Cal. Oct. 23, 2001): "For purposes of venue, all federal

23  defendants reside in Washington, D.C."

24      Turning to the second "convenience" factor, a motion to transfer venue under § 1404(a) requires

25

26

27  [3] Prior to perfecting service on the United States, Plaintiffs moved (on September 28, 2011) for a preliminary injunction against the Defendant agency heads. (Doc. 24). Defendants filed their Opposition to that motion on October 31, 2011. (Doc. 71). That same day, Defendants also filed their Motion to

28  Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (b)(6). (Doc. 64). Pursuant to court order, the motions are all calendared for hearing on November 28, 2011. (Doc. 86).

1  a court to "weigh multiple factors in its determination of whether transfer is appropriate in a particular

2  case." *Ctr for Food Safety v. Vilsack*, No. C 11-00831 JSW, 2011 WL 996343, at *6 (N.D. Cal. Mar.

3  17, 2011). In that case, this Court listed the factors that apply when assessing convenience:

4      (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of
       access to sources of proof; (4) local interest in the controversy; (5) familiarity of each
5      forum with the applicable law; and (6) relative congestion in each forum.

6  *Id.* (citations omitted). In addition, a court considers whether transferring the action would serve the

7  interests of justice. *Id.* The moving party bears the burden of demonstrating that the action should be

8  transferred. *Id.* We address each of these factors in turn.

9          **1.    Plaintiffs' Choice of Forum is Entitled to Minimal Deference.**

10         While a court typically affords "considerable weight" to a plaintiff's choice of forum, this Court

11  has held that a plaintiff's choice of forum "is not dispositive, and must be balanced against other factors

12  of convenience." *Knapp v. Wachovia Corp.*, No. C 07-4551 SI, 2008 WL 2037611, at *2 (N.D. Cal.

13  May 12, 2008). In granting transfer in *Knapp*, Judge Illston stated:

14      For example, where the transactions giving rise to the action lack a significant connection
       to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less
15      weight, even if the plaintiff is a resident of the forum.

16  *Id. See also Ctr. for Food Safety*, 2011 WL 996343, at *6 (quoting *Pac. Car & Foundry v. Pence*, 403

17  F.2d 949, 954 (9th Cir. 1968) ("plaintiff's choice of forum is afforded less deference '[i]f the operative

18  facts have not occurred within the forum of original selection and that forum has no particular interest in

19  the parties or the subject matter.'"). In *Ctr. for Food Safety*, this Court declined to defer to the plaintiff's

20  choice of forum because the federal defendant in that case, USDA Secretary Vilsack (who is also a

21  Defendant in this case), neither resides in the Northern District of California (but rather Washington,

22  D.C.), nor made the challenged regulatory decision in this District. Given that the operative facts had

23  not occurred in this District, Judge White held that this district had "no particular interest in this

24  litigation." *Id.*

25         The same analysis should apply here because the Northern District of California has no particular

26  interest in or connection to the instant litigation. To the contrary, the operative facts in this global

27  climate change case cannot be accurately characterized as local; they are overwhelmingly national –

28  indeed global – in scope. The facts of this matter pertain to alleged deficiencies in the efforts of the

1    federal government to address climate change, which is by definition not just a local issue.

2           Plaintiffs make only a cursory effort in their Complaint to explain why venue is appropriate here.

3    In attempting to establish that venue should lie in this District, they casually assert that "a substantial

4    part of the events or omissions giving rise to the claims in this case occurred in the Northern District of

5    California." (Cmplt. ¶25). But Plaintiffs' venue allegations ignore every Defendant except EPA. And

6    with respect to EPA, Plaintiffs assert only the following:

7           One of the claims in this Complaint concerns EPA's failure to perform fiduciary duties
          with regard to California. EPA Region Nine, whose jurisdiction includes California, is

8           headquartered in San Francisco. Thus several of the events and omissions at issue in this
          action occurred at EPA's Region Nine headquarters in San Francisco.

9

10    *Id.* ¶25. Examination of the operative paragraph of the Complaint directed at EPA, ¶53, reveals no

11    particular alleged EPA failing in the State of California. Nor does the Complaint specify any of the

12    "several" supposedly relevant "events and omissions at issue" that "occurred" in San Francisco. (Cmplt.

13    ¶25). In fact, the Complaint alleges that Defendant Lisa P. Jackson, EPA Administrator, who is

14    headquartered not in San Francisco but in Washington, D.C., "is responsible for *all* actions of EPA."

15    (Cmplt. ¶54) (emphasis added).[4] A federal agency does not reside in every judicial district where it may

16    maintain an office. Rather, for purposes of venue, a federal agency resides in Washington, D.C.

17    *Williams*, 2001 WL 1352885, at *1. That EPA has one of its ten regional offices in San Francisco is of

18    little consequence in this context. This factor weighs in favor of transfer.

19         **2.**    **The convenience of the parties and witnesses, and ease of access to sources of proof, are largely neutral here.**

20           These two factors do not weigh heavily here. For the reasons set forth in their Motion to

21    Dismiss, Defendants submit that Plaintiffs' Complaint should be dismissed for lack of subject matter

22    jurisdiction and failure to state a claim. Thus, Defendants do not believe that resolution of this case will

23    turn on the testimony of witnesses. In any event, however, as stated in the Complaint (¶ 25), this case is

24    brought against "officers of the United States acting in their official capacities," and they are located in

25    Washington, D.C., not San Francisco. On Plaintiffs' side, while several of the individual Plaintiffs

26

27

28    [4] Plaintiffs similarly aver that each of the other five federal Defendants is responsible for "all actions" of
   their respective agencies. *See* ¶¶56 (Secretary Salazar); 58 (Secretary Vilsack); 60 (Secretary Locke); 62
   (Secretary Chu); and 64 (Secretary Panetta).

reside in San Francisco (Cmplt. ¶¶34, 43), the majority do not. Lead Plaintiff Alec L. lives outside this District (in Ventura, California) (*id.* ¶ 27); the other two live on the East Coast, thousands of miles away, in Virginia (id. ¶ 39). For its part, Wildearth Guardians is headquartered in New Mexico,[5] and while the Complaint does not specify where Kids vs Global Warming is headquartered, its website lists its telephone number with the area code 805 (in southern California). To the extent that these factors are relevant, they weigh in favor of transfer to the District where the federal agencies are located.[6]

### 3. The third factor – local interest in the controversy – strongly favors transfer to Washington, D.C.

This dispute is not a local one. Plaintiffs themselves aver that Kids vs Global Warming is a membership organization of youth "from all over the country." (Cmplt. ¶48). Because the federal agencies involved in this lawsuit are based in Washington, D.C., and because the issue of climate change is global in scope, interest in this litigation is similarly broad in scope. *See Ctr. for Food Safety* (because federal agency's "administrative process" occurred in the District of Columbia and federal defendants (including Agriculture Secretary Vilsack) reside there, "the District of Columbia has a stronger local interest" than Northern District of California in adjudicating challenge to agency actions). 2011 WL 996343, at *7.

This Court's decision in *Sierra Club v. U.S. Def. Energy Support Ctr.*, No. C 10-2673 JSW, 2011 WL 89644, at *3 (N.D. Cal. January 11, 2011), is also instructive. In that case, which also involved climate change claims brought by an environmental group against the federal government, this Court found that "California does not have a localized interest" in that dispute because the case involved "issues related to global warming." Here, too, the Complaint raises issues of national law and policy. Venue of the present climate change case is more proper in our Nation's capital. This factor weighs

---

[5] The Complaint (¶49) (emphasis added) describes Wildearth Guardians as an organization with many members who "live, work, or recreate in *Colorado*," not California.

[6] To support their choice of San Francisco, Plaintiffs state that their "counsel" is located in Burlingame, California. On a motion to transfer under 28 U.S.C. § 1404(a), however, the courts have consistently held that the convenience of a plaintiff's counsel "is not a factor to be considered in determining whether a particular locale is a convenient forum." *Lupiani v. Wal-Mart Stores, Inc.*, No. C-03-2614 SC, 2003 WL 22416414, at *3 (N.D. Cal., Oct. 20, 2003). Also, Plaintiffs' co-counsel (Cmplt. at p. 1) is located in Eugene, Oregon, not in this District.

1   heavily in favor of transfer.

2       **4.    Familiarity of each forum with the applicable law is a neutral factor here.**

3       This District and the District of Columbia are equally familiar with the law that applies here.

4       **5.    Court congestion favors transfer to the District of Columbia.**

5       Relative court congestion in each forum favors transfer.  The most recent Federal Court

6   Management Statistics (June 30, 2011) reveal that the median time from filing to disposition for civil

7   cases is longer in this District, 8 months, as compared to 6.6 months in the District of Columbia.  In

8   addition, this District has substantially more pending cases per judge (486 cases) than the District of

9   Columbia (269 cases).  In deciding to transfer a case under 28 U.S.C. § 1404(a), this Court has taken

10  these two docket congestion factors into account.  *See, e.g., Sierra Club v. U.S. Def. Energy Support*

11  *Ctr.*, 2011 WL 89644, at *3.

12      Efficient management of the Nation's court docket counsels that when more congested dockets

13  can be lightened by transferring cases to less congested ones, with no  consequent burden on the parties,

14  the transfer should be made, particularly where other factors also weigh in favor of transfer.  This factor

15  weighs in favor of transfer.

16      **6.    Transfer would also serve the interests of justice.**

17      In addition to the above convenience factors, the court considers whether transferring the action

18  would serve the interests of justice. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270,

19  279 (9th Cir. 1979); *Pratt v. Rowland*, 769 F. Supp. 1128, 1133 (N.D. Cal. 1991).  The present case

20  involves federal agencies headquartered in Washington, D.C. and questions of national interest and

21  policy.  The interests of justice counsel strongly for transfer.

22                                       **CONCLUSION**

23      For the reasons stated above, Defendants respectfully request that this Court transfer this case to

24  the United States District Court for the District of Columbia.

25  Respectfully submitted November 4, 2011        IGNACIA S. MORENO
                                            Assistant Attorney General

26                                      United States Department of Justice
                                    Environment & Natural Resources Division

27

28                                     *s/ Martin F. McDermott*
                                    MARTIN F. MCDERMOTT, Trial Attorney
                                    United States Department of Justice

Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
martin.mcdermott@usdoj.gov
Tel: (202) 514-4122
*Attorneys for Defendants*

1

**CERTIFICATE OF SERVICE**

2
    I hereby certify that on the 4th day of November, 2011, a copy of the foregoing DEFENDANTS'
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) AND MEMORANDUM OF
3  LAW IN SUPPORT was filed and served through the Court's CM/ECF system.

4
                                    s/ Martin F. McDermott
5                                 Trial Attorney, U.S. Department of Justice

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28